# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-310
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRANDY CARPENTER, *parent of*      \*       Filed:  November 20, 2014
A. H., *a minor*,      \*
     \*
     Petitioner,      \*      Petitioner's Motion for a Decision
v.      \*      Dismissing the Petition; Vaccine Act
     \*      Entitlement; Denial Without Hearing
SECRETARY OF HEALTH      \*
AND HUMAN SERVICES,      \*
     \*
     Respondent.      \*
     \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for Petitioner.

*Gordon Shemin*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION DISMISSING CASE[1]

On May 11, 2012, Brandy Carpenter filed a petition on behalf of A.H., her minor child, seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] Petitioner alleged that A.H. suffered from a neurological injury as a result of receiving the Diptheria-tetanus-acellular-Pertussis ("DTaP"), haemophilus influenza type B ("Hib"), pneumococcal conjugate, hepatitis B ("hep B"), inactive polio, and rotovirus vaccinations on September 4, 2009. *See* Petition at 1 (ECF No. 1).

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

During a status conference in this case that was held on November 10, 2014, Petitioner indicated that she had decided to request a decision dismissing this case. Order at 1 (ECF No. 42). She has now done so. Motion for a Decision Dismissing Petition (ECF No. 43). That motion also indicated that Respondent was provided with a copy of it in advance of filing and expressed no opposition to the motion. ECF No. 43 at 2.

To receive compensation under the Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that A.H. suffered a "Table Injury." Further, Petitioner has indicated that she no longer intends to rely upon her previously filed expert report and, therefore, the record does not contain a medical expert's opinion or any other persuasive evidence establishing that the alleged injury that A.H. experienced could have been caused by the vaccinations received.

Under the Vaccine Act, a petitioner may not receive a Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master